(2 Misc. Rep. 556.)

### SHEPARD v. SHEPARD et al.

(Supreme Court, Special Term, New York County. February, 1893.)

DEED—ESTATE CONVEYED—CONTINGENT REMAINDER.

> Land was conveyed in trust for F. for life, and at her death the fee in the premises "to revert to and vest in the heirs of said [grantor,] and the trust and trusts hereby created to cease." *Held,* that the grantor's children who were living when the deed was executed took by virtue thereof a contingent remainder which became a vested remainder on their surviving their father.

Action by William S. Shepard against George W. Shepard and others for partition.

J. F. Parkhurst, for plaintiff.

W. G. Lane, for defendants.

LAWRENCE, J. On the 9th day of October, 1852, John Shepard, who is the common source of title to the premises in question, being about to marry Frances M. Parmalee, conveyed said premises to Thomas McFarlin, "upon the trust," nevertheless, "and to and for the uses, interests, and purposes, hereinafter limited, described, and declared; that is to say, upon trust to receive the issues, rents, and profits of said premises, and apply the same to the use of said John Shepard, party of the first part, during the joint lives of the said John Shepard and Frances M. Parmalee, and, after the death of said John Shepard, to apply the same to the use of the said Frances M. Parmalee during the time of her natural life, provided, nevertheless, that, should the said Frances M. Parmalee marry after the death of said John Shepard, the said trust hereby created is to cease and determine in like manner as if

she were actually dead; and after her death the fee in said de-scribed premises, as well as the uses and profits thereof, all and singular, to revert to and vest in the heirs at law of said John Shepard, and the trust and trusts hereby created to cease and determine." Then follows a recital in the deed that Frances M. Parmalee desires and intends to become the lawful wife of John Shepard, and, upon the condition of the performance and execution of the said trust, releases all dower and right of dower which she might acquire as the wife of John Shepard. Then follows a covenant between the parties that the premises are to be made and kept free from all incumbrance, and, if any mortgage remains still unpaid at the death of John Shepard, the same shall be paid out of other property of the said John Shepard, or the amount thereof paid to Frances M. Parmalee. No power of sale was given the trustee. The deed was signed by John Shepard and Frances M. Parmalee. At the time of the execution of the deed, John Shepard had four children, William S. Shepard, the plaintiff, James G. Shepard, George W. Shepard, and Lorena Allen, all of whom were living at the time of his death, and were his only heirs at law, he having had no other children. John Shepard died May 1, 1867. Frances M. Shepard died September 25, 1890. James G. Shepard died, intestate, June 1, 1889, leaving as his only heirs at law six children, Ella V. Roe, Amelia A. Hallett, Cecila Trenchard, James Shepard, John Shepard, and Malinette F. Seaman, and a widow, the defendant Ellen M. Shepard. In 1890, Ella V. Roe conveyed her interest in the premises to the defendant Donald McLean, and each of the other five children of James G. Shepard, about the same time, conveyed their respective interests in said premises to their mother, the defendant Ellen M. Shepard. The defendants Ellen M. Shepard and Donald McLean claim to be owners of five twenty-fourths and one twenty-fourth, respectively, of said premises, as the share of James G. Shepard in the remainder vested in him by the deed of John Shepard to McFarlin. After the death of John Shepard, and before the death of his widow, the said Frances M. Shepard, the defendant George W. Shepard conveyed his fourth interest in said premises to plaintiff, and, Lorena Allen having conveyed her fourth interest in the same to Frank H. Allen, the said Frank H. Allen conveyed the same to plaintiff. John Shepard left a will, by which, after disposing specifically of various property, not including the premises described in the complaint, he gave all the rest and residue of his real and personal property to his widow, Frances M. Shepard, and his daughter, Lorena Allen, equally. Frances M. Shepard, the widow, died, as before stated, on September 25, 1890, not having remarried, and leaving her last will and testament, in which she named the defendants Frances A. Koos and her husband, Gustave A. Koos, as executors thereof, and devised all her real estate to them, or the survivor of them, subject to the payment of certain annuities, during the lives of the annuitants, which will was duly probated, and letters issued to the defendant Gustave A. Koos, the

defendant Frances A. Koos not having qualified. Therefore the defendants Koos, as trustees under the will of Frances M. Shepard, and the defendant Gustave A. Koos, as the executor thereof, claim an undivided one-half interest in the premises as tenants in common with the heirs of Lorena Allen, by virtue of the will of John Shepard, deceased.

The plaintiff contends that he is entitled to three undivided fourths of the premises, having acquired the fourth interest of his brother, George W. Shepard, and of his sister, Lorena Allen, and being entitled to a fourth interest as one of the heirs at law of his father. The defendants Ellen M. Shepard and Donald McLean, who are the grantees of the heirs of James G. Shepard, who died intestate, claim to be the owners of the remaining fourth part of the premises, the said Ellen claiming five twenty-fourths and the said McLean one twenty-fourth thereof, by virtue of the conveyances to them by some of the heirs of James G. Shepard. I am of the opinion, on this state of facts, that, under the trust deed executed by John Shepard to McFarlin, each of his four children took a contingent remainder in the property described in that deed, subject to be defeated in the case of death before their father, and that, upon the death of John Shepard, the remainder became a vested remainder. See Moore v. Littel, 41 N. Y. 66; Dodge v. Stevens, 105 N. Y. 585, 12 N. E. Rep. 759; Hennessy v. Patterson, 85 N. Y. 92; Kelso v. Lorillard, Id. 177-184; Surdam v. Cornell, 116 N. Y. 305, 22 N. E. Rep. 450; Ham v. Van Orden, 84 N. Y. 257. The interest vested in the children of John Shepard by the trust deed was alienable under the cases above cited, and it follows, therefore, that the conveyances to George W. Shepard of his undivided one-fourth, and the deed from Frank H. Allen, to the plaintiff, of the other undivided one-fourth conveyed to him by Lorena Allen, added to the plaintiff's own interest, made him the owner in fee simple of three-fourths of the premises mentioned in the complaint. It also follows that the defendants Ellen M. Shepard and Donald McLean together own the one-fourth interest which James G. Shepard took under the trust deed, five-sixths thereof being vested in Ellen M. Shepard, and one-sixth in the said McLean. It also follows that no portion of the premises in question passed under the will of John Shepard as a part of his residuary estate to his widow and his daughter Lorena Allen. The widow was entitled, under the trust deed, to the rents and profits during her life, and Lorena Allen succeeded as one of the heirs at law to one-fourth interest in fee, which interest, as we have seen, has become vested in the plaintiff. The plaintiff is entitled to the usual judgment in partition, with costs. The defendants, Ellen M. Shepard and Donald McLean are also entitled to their costs. These costs should be paid out of the estate. As the defendant Frank H. Allen was brought into the controversy by reason of the attack made upon the deed to him, from Lorena Allen, by the defendant Walter S. Allen, and as no proof was given to maintain that attack, I am of the opinion that he is entitled to

costs against the defendant Walter S. Allen personally. I think, too, that the costs of the defendants Koos should be paid out of the estate.